GASKIN et al. v. GASKIN.

(Court of Appeals of District of Columbia. Submitted December 7, 1923. Decided December 1, 1924.)

No. 3985.

1. Wills ☞800—Widow, electing to take life estate under will, estopped to claim fee.

Widow, who elected to take under will giving her life estate in separate tracts of land, was estopped to claim ownership in fee of one of such tracts, and her deed of conveyance of such tract was effective merely as a conveyance of her life estate therein.

2. Life estates ☞28—Proper decree in remainderman's action to restrain life tenant from asserting adverse title stated.

In action to restrain defendant from asserting adverse title to and right of possession in land, it was improper for court, in determining that defendant was entitled merely to life estate and that plaintiff possessed vested remainder in fee simple, to require defendant to convey fee simple to plaintiff subject to the life estate, but decree should merely have enjoined such defendant from asserting any estate adverse to plaintiff's remainder.

Appeal from Supreme Court of District of Columbia.

Suit by Malissa Gaskin against Phœbe V. Gaskin and another. Decree for plaintiff, and defendants appeal. Modified and affirmed.

W. J. Lambert, R. H. Yeatman, and A. M. Schwartz, all of Washington, D. C., for appellants.

V. H. Wallace, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This case involves the title to certain real estate situate within the District of Columbia. The appellee, Malissa Gaskin, as plaintiff, filed a bill in the Supreme Court of the District claiming title in fee simple to the property in question, and complaining that the defendants, Phœbe V. Gaskin and Sadie V. Holly, were wrongfully setting up and asserting an adverse title and right of possession therein. She prayed for a decree in proper form to restrain the defendants from such action. The case was heard upon testimony, and a decree was entered, from which the defendants aforesaid have appealed.

The controlling facts in the case are disclosed by the bill of exceptions with reasonable certainty, notwithstanding several contradictions concerning certain minor questions which we need not specify. It appears that in July, 1913, one John T. Gaskin, a resident of the District, died, survived by his widow, Phœbe V. Gaskin, and by three children, namely, William H. Gaskin, Sadie V. Holly, and Ambrose E. Gaskin. At the time of his death he was the owner of a number of parcels of real estate within the District, and he left a last will and testament, which was regularly admitted to probate by the Supreme Court of the District. By the terms of the will the testator bequeathed and devised all of his estate, both real and personal, to his widow during her lifetime, and subject to her life estate he devised to each of his three children certain separate tracts of real estate particularly described in the will. The present issue relates to a parcel which was thus devised to his son William H. Gaskin. It appears that, notwithstanding the devise of this parcel by John T. Gaskin to his son, the actual legal title to the tract had been for years vested in the wife, Phœbe V. Gaskin, and it remained so at the time of the testator's decease. This fact was well known to the widow, who commented upon it when the decedent's will was admitted to probate. Nevertheless she did not decline to accept the provision made for her by the will, and by her acts and declarations, as fairly disclosed by the record, she indicated an intention to take under the will. It is nowhere intimated that she ever filed any declination in the proceedings relative to the will in the Supreme Court of the District, and it is manifest from the record that she actually took under the will.

At and before the time of the decedent's death, his son William H. Gaskin was in the actual possession of the tract in question, and so continued until in March, 1918, when he died, leaving the appellee, Malissa Gaskin, his widow, surviving him. He left a last will and testament, which was regularly admitted to probate, whereby he devised to his widow aforesaid all of his estate in the tract in question, and so far as the record discloses she has remained in possession since that time.

On June 19, 1918, Phœbe V. Gaskin, the widow of said John T. Gaskin, executed to Sadie V. Holly a deed in fee simple for the real estate in question, and the grantee thereupon set up a demand for the possession of the premises, and a claim to the fee-simple estate therein. A possessory action was begun by her on September 3, 1918, against said Malissa Gaskin, in the municipal court of the District. The present suit was thereupon begun by Malissa Gaskin in the Supreme Court of the District to quiet her title against the claims of said parties.

Upon the foregoing facts the lower court held and decreed that the widow, Phœbe V. Gaskin, was barred from claiming more than a life estate in said premises, and possession thereunder, as devisee under the will of her deceased husband, and that the devisee, William H. Gaskin, took the fee-simple estate therein, subject, however, to the aforesaid life estate, with right of possession which was devised to the widow. The court accordingly held that the deed of conveyance which Phœbe V. Gaskin executed and delivered to Sadie V. Holly was effective as a conveyance of the grantor's life estate only, and entitled her to the possesión of said real estate during the lifetime of said Phœbe V. Gaskin, but was invalid as a conveyance of the fee. The court also held that Malissa Gaskin, by virtue of the devise to her in the will of her deceased husband, possessed a vested remainder in fee simple in said premises, subject, nevertheless, to the life estate now vested as aforesaid in Sadie V. Holly, for the lifetime of Phœbe V. Gaskin, and the possession of said Sadie V. Holly thereunder for said lifetime. The court decreed that said Sadie V. Holly should forthwith execute and deliver a deed in proper form conveying said premises to Malissa Gaskin in fee, subject, nevertheless, to the life estate aforesaid. These findings and decrees are brought before this court by the present appeal.

[1] It is clear that under the will of John T. Gaskin his widow was compelled to elect whether she would accept the provisions for her therein, and thereby surrender her adverse claim to the property devised to their son, or whether she would refuse to surrender her adverse rights, in which event she must, also surrender the provisions for herself and take under the law. The principle of so-called equitable estoppel upon which this statement rests is fully sustained by the authorities. In 40 Cyc. 1960, d, the text, reading as follows, is supported by numerous citations:

"Where a beneficiary under a will has a claim adverse to the testator to property which it is attempted to dispose of by the will, he must elect between his rights under the will and his adverse claim. But such necessity for election arises only where it is clear that the adverse rights of the beneficiary are covered by the will, and where the gift to the beneficiary is substantial. * * * "

Again, in 40 Cyc. 1964, b, the following text is given with citations:

"Where a widow has or asserts a claim to property disposed of by the will, adverse to the testator, she must, like any other claimant, elect whether she will take under or against the will, but she may of course without making an election enforce her property rights not inconsistent with the will."

See, also, Gibson v. Gibson, 53 App. D. C. 380, 386, 292 F. 657.

[2] We therefore affirm the decree of the lower court, except in one particular. That decree requires Sadie V. Holly to execute and deliver to Malissa Gaskin a deed of conveyance in fee simple to the premises in question, subject, nevertheless, to the life estate vested in the grantor for the lifetime of Phœbe V. Gaskin. We think that this should not be required of Sadie V. Holly, but instead that the appellants herein should be enjoined from setting up or asserting any estate in said premises adverse to the estate of the appellee herein, beyond or in excess of the life estate vested in said Sadie V. Holly, for the lifetime of said Phœbe V. Gaskin.

Subject to this modification, the decree of the lower court is affirmed, at the costs of the appellants.